[Cite as *Bayview Loan Servicing, L.L.C. v. Alex Solomon Family Ltd. Partnership*, 2011-Ohio-6168.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96992**

## BAYVIEW LOAN SERVICING, LLC

PLAINTIFF-APPELLEE

vs.

## THE ALEX SOLOMON FAMILY LIMITED PARTNERSHIP, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-740983

**BEFORE:**  E. Gallagher, J., Sweeney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**     December 1, 2011

**ATTORNEYS FOR APPELLANTS**

David M. Lynch
Meghan N. Seifert
29311 Euclid Avenue
Suite 200
Wickliffe, Ohio    44092


**ATTORNEY FOR APPELLEE**

Ted Humbert
Law Offices of John D. Clunk Co., L.P.A.
4500 Courthouse Blvd., Suite 400
Stow, Ohio    44224


EILEEN A. GALLAGHER, J.:

{¶ 1} Defendants-appellants, The Alex Solomon Family Limited Partnership, Alex Solomon, and Georgette Solomon, appeal the trial court's decision granting summary judgment in favor of plaintiff-appellee, Bayview Loan Servicing, LLC. Appellants argue that the trial court erred in granting Bayview's motion because genuine issues of material fact precluded summary judgment.  For the reasons that follow, we affirm.

{¶ 2} This case arises out of a promissory note (Exhibit A attached to Bayview's complaint), personal guaranty (Exhibit B attached to Bayview's complaint), and a mortgage and security agreement (Exhibit C attached to Bayview's complaint), all of

which were entered into by the parties on August 3, 2005. Pursuant to the promissory note, for value received, The Alex Solomon Family Limited Partnership agreed to pay Bayview Financial Small Business Funding, LLC, the principal sum of $2,100,000 in monthly payments through September 1, 2025 at an adjustable interest rate starting at 7.625 percent.[1] As a condition of making the loan to the Partnership, Bayview required individual guarantees on the promissory note's payment obligations from appellants Alex Solomon and Georgette Solomon.

{¶ 3} On December 3, 2008, the Partnership and Bayview entered into a modification agreement of the promissory note which stated that, "[d]ue to adverse economic circumstances, [the Partnership] has requested [Bayview] to adjust the scheduled amortization of the Note to permit [the Partnership] to meet [the Partnership's] obligation to [Bayview] in a full and in a timely manner." The modification agreement further states, "[the Partnership] agrees that the unpaid principal balance due on the Note of $1,982,658.32, shall be increased by $57,783.25, the amount of the unpaid installments, interest, late charges, fees and costs, and if applicable, any advances for unpaid property taxes and/or insurance premiums * * * for a total unpaid principal balance due of $2,040,441.57." The modification agreement altered the monthly payments, set forth a new variable interest rate starting at 4 percent, and

---

[1]Bayview Financial Small Business Funding, LLC subsequently assigned all of its rights under the note and mortgage to Bayview Loan Servicing, LLC.

extended the maturity date of the loan to October 1, 2035.

{¶ 4} On November 9, 2010, Bayview filed a complaint in Cuyahoga County Common Pleas Court alleging a default by the appellants on the loan and seeking the unpaid sum of $1,967,769.58, foreclosure, and other equitable relief. On January 10, 2011, Bayview filed a motion for summary judgment against the Partnership as well as Alex and Georgette Solomon, personally, pursuant to the personal guaranty.

{¶ 5} On March 31, 2011, appellants Alex and Georgette Solomon filed an opposition to Bayview's motion for summary judgment arguing that the modification agreement severed any personal liability they might have on the loan because they did not individually sign the modification agreement.

{¶ 6} Citing the terms of the personal guaranty executed by the appellants in their individual capacity, the trial court issued a magistrate's order on April 13, 2011 granting Bayview's motion for summary judgment.[2] The magistrate issued a further decision on April 20, 2011, which the trial court adopted on June 7, 2011, overruling appellants' objections. Appellants brought this appeal arguing in their sole assignment of error that the trial court erred in granting summary judgment to Bayview.

{¶ 7} Our review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Pursuant

---

[2]The record does not reflect that the Partnership advanced any argument in opposition to Bayview's motion for summary judgment.

to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus; *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264.

{¶ 8} Appellants' sole argument is that a genuine issue of material fact exists as to their personal liability on the loan because they did not individually sign the modification agreement of the promissory note or execute a new personal guaranty in regards to the modification agreement. In an affidavit attached to appellants' reply to Bayview's motion for summary judgment, Alex Solomon averred, "[n]either myself, nor my wife, Georgette, personally signed on the new loan agreement with Bayview Loan Servicing, LLC and we do not intend to be held liable."

{¶ 9} As the magistrate pointed out in his April 13, 2011 decision, appellants' argument is contradicted by the explicit terms of the personal guaranty entered into by the appellants in their individual capacities. The guaranty provides in relevant part:

"2.     Guarantor hereby absolutely, unconditionally and irrevocably guarantees to Lender the full and prompt performance and payment when due, whether at maturity or earlier, by reason of acceleration or otherwise, * * * of all of the following:

    (a)     The entire Debt (defined in Article 2 of the Security Instrument.)

    (b)     The payment and performance of all of Borrower's obligations under Article 2 of the Security Instrument.

* * *

6.     At any time * * * without notice to Guarantor and without affecting the liability of Guarantor, * * * (a) the time for payment of the principal of or interest on the Debt may be extended or the Debt may be renewed in whole or in part; * * * (d) the Note * * * may be modified or amended by Lender and Borrower in any respect, including, but not limited to, an increase in the principal amount;

* * *

13.     * * * Neither this Guaranty nor any of its provisions may be waived, modified, amended, discharged, or terminated except by an agreement in writing signed by the party against which the enforcement of the waiver, modification, amendment, discharge, or termination is sought, and then only to the extent set forth in that agreement."

{¶ 10} As appellants have offered no argument for the avoidance of the terms of the guaranty which plainly provide for the appellants' personal liability to persist despite modifications to the promissory note between Bayview and the Partnership, we find no error in the trial court's decision to grant summary judgment in favor of Bayview.

{¶ 11} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR